## 10175

### DANIEL v. DANIEL *ET AL.*

(98 S. E. 798.)

APPEAL AND ERROR—REVIEW OF FINDING—SUFFICIENCY .OF EVIDENCE TO SUPPORT.—In an action tried on the law side of the Court on an issue of title, a finding of the trial Court adverse to the findings of the master who made the report will not be disturbed on appeal, where there is sufficient evidence to warrant the Court's findings.

Before MAULDIN, J., Spartanburg, Spring term, 1917. Affirmed.

Suit by R. E. Daniel and others against E. C. Daniel and S. S. Daniel.   From a decree in favor of S. S. Daniel, plaintiffs and E. C. Daniel, appeal

*Messrs. Carlisle & Carlisle, Ralph K. Carson* and *Jesse W. Boyd,* for appellants, submit: *An order of final discharge is a disavowal of a trust:* 26 S. C. 237.   *Inaction by tenants in common or any others, claimants to land, for twenty years*

*in the face of notorious and exclusive possession, with the use and exercise of authority incident to exclusive and adverse ownership, is sufficient to rebut the presumption that the possession is in subordination to the legal title, and to establish the presumption of a grant or deed, and any other presumption necessary to the protection of the possession:* 80 S. C. 114, and authorities there cited. *Mortgage of the land by the parties in possession is evidence of ouster:* 86 S. C. 462. *If the plaintiffs and their ancestors had not acquired title to the property by adverse holding or presumption of grant from the exclusive possession for more than twenty years, then the respondent, S. S. Daniel, should be required to pay over to the plaintiffs the amount due by him on the mortgage debts before being given possession of the land:* 51 S. C. 212, and authorities there cited; 10 Wall. 534.

*Messrs. C. E. Daniel, R. A. Hannon* and *I. C. Blackwood,* for respondent. *Mr. C. E. Daniel* submits: *That only one question can rightly be considered,—that of title by adverse possession. The plea of "mortgagee in possession" set up by plaintiff's reply is isconsistent with and contradictory of their claim of title in the complaint, and cannot be united in one complaint:* Bliss on Code Pleadings, 3d Ed., sec. 122; 31 Cyc. 261. *As to adverse possession:* 45 S. C. 110; 42 S. C. 488; 90 S. C. 319; 1 R. C. L. 686; 1 Cyc. 981; 2 C. J. 276; 2 C. J. 281st sec.; 1 Cyc. 1153, *et seq.;* 17 Cyc. 219, 220; 10 Md. 129; 86 S. C. 467; 48 S. C. 491; (Texas) Bay. 59; (W. Va.) 60 S. E. 609; 6 Am. Dec. 22; 2 C. J. 121; 80 S. C. 110; 26 S. C. 179; 36 S. C. 322. *As to mortgagee in possession:* 46 S. C. 193.

March 26, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was commenced in the usual form for partition. S. S. Daniel was made a party, under the allegation that he claimed some interest, and answered and claimed 175

acres of land under the provisions of his father's will and deed thereof made to him by the surviving executor. The case was referred to the master, who made his report, holding that S. S. Daniel had no interest in the premises. Exceptions were taken to the master's report. The Circuit Court sustained the exceptions and overruled the master's report and reversed his findings, and found that S. S. Daniel had fee simple title to 175¾ acres, conveyed to him by the surviving executor, without any liability to account in any way.

From this decree appellants appeal, and by 22 exceptions impute error and seek reversal. These exceptions challenge the finding of fact of the Circuit Court, and present two questions; that under the evidence in the case the plaintiffs either have title by adverse possession, or the plaintiffs are mortgagees in possession. The pleadings in the case allege title in plaintiffs in common with E. C. Daniel, and the answer of S. S. Daniel sets up title in himself in severalty. E. C. Daniel by consent was eliminated from the contest, leaving the issue between the plaintiffs and S. S. Daniel as to the land claimed by him. The issue narrowed down to a legal issue of title between the parties, and this Court will not review the findings of the Circuit Court, if there is testimony warranting the Court's finding. In this case the Circuit Court tried the issue of title on the law side of the Court, and, no doubt, took into consideration all of the issues involved, and considered the testimony from the various angles as affecting the case, whether the executor was not the trustee until the death of his mother, the life tenant under the will, and whether or not he was not at all times carrying out the provisions of the will, and whether or not there was sufficient evidence at any time that he threw off the trust, and no doubt considered the question whether he, being in possession as executor and trustee, could acquire title by adverse possession, or whether there was evidence of ouster. The evidence before the master was vague and unsatisfactory in many particulars on important issues in

33—111

the case, but the case was a law case referred to the master and finally tried by the Judge, and his findings are not reversible by this Court, as there is evidence to warrant his findings.    All exceptions are overruled.

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.